CORPORATE CREATIONS®
Registered Agent • Director • Incorporation
**Corporate Creations Network Inc.**
801 US Highway 1 North Palm Beach, FL 33408

Publix Super Markets, Inc.
Merriann Metz General Counsel & Secretary
Publix Super Markets Inc.
3300 Publix Corporate Parkway
Lakeland FL 33811

August 01, 2024

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s). **ALL information should be verified by you.**

Item: 2024-9404

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

| | | | |
|---|---|---|---|
| 1. | **Entity Served:** | Publix Super Markets, Inc. | |
| 2. | **Title of Action:** | Lefebure, Yvonne V vs. Publix Super Markets, Inc. | |
| 3. | **Document(s) Served:** | Summons<br>Notice of Consent to Electronic Service<br>Complaint for Damages<br>Plaintiff's First Request for Production of Documents and Notice to Produce to Defendant Publix Super Markets, Inc. | |
| 4. | **Court/Agency:** | Cobb County State Court | |
| 5. | **State Served:** | Georgia | |
| 6. | **Case Number:** | 24-A-3644 | |
| 7. | **Case Type:** | Personal Injury | |
| 8. | **Method of Service:** | Hand Delivered | |
| 9. | **Date Received:** | Wednesday 07/31/2024 | |
| 10. | **Date to Client:** | Thursday 08/01/2024 | |
| 11. | **# Days When Answer Due:**<br>**Answer Due Date:** | 30<br>Friday 08/30/2024 | CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | **Sop Sender:**<br>(Name, City, State, and Phone Number) | David M. Thomas<br>Sandy Springs, GA<br>678-264-8348 | |
| 13. | **Shipped To Client By:** | Regular Mail and Email with PDF Link | |
| 14. | **Tracking Number:** | | |
| 15. | **Handled By:** | 111 | |
| 16. | **Notes:** | Also Attached:<br>* Plaintiff's First Interrogatories to Defendant Publix Super Markets, Inc. etc. | |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process. To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective. It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

ID# E-YGRZPUHS-QUR
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA
24-A-3644
JUL 29, 2024 02:54 PM
Robin C. Bishop
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

# STATE COURT OF COBB COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER 24-A-3644

$252.00 COST PAID

LeFebure, Yvonne V

**PLAINTIFF**

VS.

Publix Super Markets, Inc

**DEFENDANT**

**SUMMONS**

TO: PUBLIX SUPER MARKETS, INC

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**David Thomas**
**Thomas Law Firm**
**P.O. Box 767939**
**Roswell, Georgia 30076**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 30th day of July, 2024.**

Clerk of State Court

STATE COURT OF COBB COUNTY, GEORGIA

Robin C. Bishop
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

ID# E-YGRZPUHS-QZD
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA
24-A-3644
JUL 29, 2024 02:54 PM
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

**IN THE STATE COURT OF COBB COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| **YVONNE V. LEFEBURE,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION** |
| | ) | **FILE NO. ____________** |
| **PUBLIX SUPER MARKETS, INC. AND CORPORATE DEFENDANT A** | ) | |
| | ) | |
| **Defendants.** | ) | |

## NOTICE OF CONSENT TO ELECTRONIC SERVICE

In conformity with O.C.G.A. § 9-11-5(f)(1)(A), the undersigned counsel of record, a member of the law firm of **Thomas Law Firm**, hereby notifies the court and all other counsel of record/parties of consent to being served with STATUTORY ELECTRONIC SERVICE of pleadings and other legal notifications at the following email addresses

david@dmthomaslaw.com

cathie@dmthomaslaw.com

camile@dmthomaslaw.com

The undersigned will not accept such service at any other email address. It is also requested that service conform to statute by stating STATUTORY ELECTRONIC SERVICE in the subject line.

It is also requested that routine communications regarding scheduling would continue to go to the email of the attorney or staff member involved.

[SIGNATURE ON NEXT PAGE]

Respectfully submitted the 29th July 2024

Thomas Law Firm

/s/ David M. Thomas
David M. Thomas
Georgia State Bar No. 704833

Mailing address:
P.O. Box 767939
Roswell, GA 30076
Physical location:
5901 Peachtree Dunwoody Rd, Ste. A220
Sandy Springs, GA 30328
678-264-8348
800-358-7082 (Fax)
david@dmthomaslaw.com

ID# E-YGRZPUHS-NVJ
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA
24-A-3644
JUL 29, 2024 02:54 PM
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| **YVONNE V. LEFEBURE,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION** |
| | ) | **FILE NO. ____________** |
| **PUBLIX SUPER MARKETS, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW YVONNE V. LEFEBURE, Plaintiff in the above-captioned case, and files this Complaint against Publix Super Markets, Inc. and shows the Court the following:

## PARTIES, VENUE AND JURISDICTION

1.

Defendant Publix Super Markets, Inc. (hereinafter referred to as "Defendant") is a foreign profit corporation authorized to transact business in the state of Georgia and is subject to the jurisdiction of this court.

2.

Defendant may be served with Plaintiff's Summons, Complaint, Request for Admissions, Request for Production of Documents and Interrogatories by delivery of the same to its registered agent, Corporate Creations Network Inc. located at 2985 Gordy Parkway, 1st Floor, Marietta, GA 30066

3.

Defendant is subject to the jurisdiction of this Court.

4.

Venue is proper in Cobb County, Georgia.

## FACTUAL BACKGROUND

5.

Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 4 above as if restated herein.

6.

This is a negligence action brought by Plaintiff to recover all damages resulting from a slip and fall accident that occurred on July 31st, 2022, on Defendant's property located at 920 Hwy. 81 McDonough, Georgia ("the premises").

7.

At all times relevant to Plaintiff's Complaint Defendant was the owner and/or occupier of the premises.

8.

On or about July 31st, 2022, Plaintiff was walking on the premises and slipped and fell as a result of an accumulation of water on the floor.

9.

The accumulation of water on the floor created a hazardous condition.

10.

Plaintiff's fall occurred as a result of the hazardous condition.

11.

Plaintiff was injured as a result of her fall.

12.

Prior to Plaintiff's fall, Defendant had actual knowledge of the hazardous condition as one or more of Defendant's employees observed the accumulation of water prior to Plaintiff's fall.

13.

Defendant had constructive knowledge of the hazardous condition prior to Plaintiff's fall as the accumulation of water had been present for a sufficient period of time for Defendant to have discovered it prior to Plaintiff's fall.

14.

The accumulation of water on the floor was caused by a defect and/or malfunction of a cooler on Defendant's premises.

15.

No warning signs had been placed in the area fall prior to Plaintiff's fall.

16.

Plaintiff was in the store to make a purchase when her fall occurred.

17.

Plaintiff was an invitee on Defendant's premises when her fall occurred.

18.

Plaintiff had no knowledge of the hazardous condition prior to her fall.

19.

Plaintiff was exercising due care for her own safety at the time of her fall.

20.

No acts or omissions of Plaintiff caused or contributed to her fall and resulting injuries.

**NEGLIGENCE**

21.

Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 20 above as if they were restated verbatim.

22.

On or about July 31, 2022, Plaintiff was walking on the premises and slipped and fell as a result of an accumulation of water on the floor.

23.

The accumulation of water on the floor created a hazardous condition.

24.

Plaintiff stepped on the water causing her to fall.

25.

Plaintiff was injured as a result of her fall.

26.

At all times relevant to Plaintiff's Complaint, Defendant was the owner and/or occupier of the premises.

27.

In accordance with O.C.G.A. § 51-3-1, as the owner and/or occupier of the premises, Defendant had a duty to exercise ordinary care in keeping the premises and approaches safe.

28.

Defendant failed to exercise ordinary care to keep the premises safe, resulting in Plaintiff's fall and related injuries.

29.

Plaintiff had no knowledge of the hazardous condition prior to her fall.

30.

Plaintiff was exercising due care for her own safety at the time of her fall.

31.

No acts or omissions of Plaintiff caused or contributed to her fall and resulting injuries.

**DAMAGES**

32.

Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 31 above as if they were restated verbatim.

33.

As a result of Defendant's negligence, Plaintiff has endured pain and suffering and will continue to endure future pain and suffering into the future.

34.

Plaintiff received medical treatment for injuries sustained in this accident.

35.

Plaintiff has incurred past medical expenses in excess of $150,000.00 and will incur future medical expenses.

36.

Plaintiff reserves the right to amend her Complaint as discovery and investigation continue.

WHEREFORE, Plaintiff prays for the following relief:

(a) That summons issue requiring the Defendant to appear as provided by law to answer this Complaint;

(b) That Plaintiff have a trial by a jury of twelve;

(c) That Plaintiff have and recover damages sufficient to compensate her fully, fairly and completely for all her losses compensable under Georgia law as set forth above;

(d) That all costs be cast against Defendant; and

(e) For such other and further relief as the Court shall deem just and proper.

This 29th day of July 2024.

THOMAS LAW FIRM

/s/ David M. Thomas
David M. Thomas
Georgia Bar No. 704833
Attorney for Plaintiff

**Mailing Address:**
P.O. Box 767939
Roswell, GA 30076
Physical address:
5901 Peachtree Dunwoody Rd.
Building A, Suite 220
Sandy Springs, GA 30328
678-264-8348
800-358-7082 (fax)

ID# E-YGRZPUHS-RKQ
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA
24-A-3644
JUL 29, 2024 02:54 PM
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

**IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA**

| | | |
|---|---|---|
| **YVONNE V. LEFEBURE,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **CIVIL ACTION FILE NO. ___________** |
| **PUBLIX SUPER MARKETS, INC. AND CORPORATE DEFENDANT A** | ) | |
| **Defendants.** | ) | |

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND NOTICE TO PRODUCE TO DEFENDANT PUBLIX SUPER MARKETS, INC.**

COMES NOW YVONNE V. LEFEBURE and pursuant to Georgia Civil Practices Act requests Defendant Publix Super Markets, Inc. (hereinafter "Defendant") to produce the following documents and tangible items for inspection and copying to David M. Thomas, P.O. Box 767939, Roswell, Georgia 30076, within thirty (30) days from the date of service of the Summons and Complaint

NOTE A: You are required, when responding to these requests for production of documents to furnish all information available to you and your attorneys, agents, representatives, or anyone else acting for or on your behalf.

NOTE B: These requests for production of documents are deemed to be continuing so as to constitute new requests for supplementation of prior responses and thereby to require you to file and serve supplemental answers if you, your attorneys, agents, representatives or other persons acting for or on your behalf acquire any additional information called for by these requests. Such supplemental answers and responses must be filed within a reasonable amount of time at the

learning of such additional and supplemental information as required by the Georgia Civil Practice Act.

NOTE C: If you are claiming any privilege of any documents, list their date, describe their subject matter, name the persons who generated the documents, state whether the person who generated the document was and is presently an employee of Defendant and whether the documents are typed, handwritten or recorded.

NOTE D: This request for records and documents encompasses all computer records and disks, microfiche, recording tapes, and all other forms of record and document retention. Therefore, consider any request herein to include such records as well as all written records.

1.

Any and all insurance policies or indemnity agreements, including the declarations pages, which may pay part or all of any judgment entered against the Defendant.

2.

Any photographs, videotapes, sketches, computer printouts, drawings, or other visually descriptive materials which depict the area of Plaintiff's fall during the time period from July 30, 2024, to August 1, 2024, including, but not limited to any photographs, videotapes, sketches, drawings or other visually descriptive material which are related in any way to the subject matter addressed in Plaintiff's Complaint.

3.

Any and all documents, videotapes, recordings, or other tangible items that evidence, concern or refer to any statements made by Plaintiff. This request is made pursuant to O.C.G.A. 9-11-26(b)(3).

4.

Any and all documents which evidence, concern, or relate to any policy, rule, regulation, directive, procedure, handbook or guideline regarding the inspection, examination, maintenance, repair and cleaning of the floor of the Premises, which were in effect during the time frame that includes July 31, 2022.

5.

A copy of any and all notes, reports, or writings made by any employee or agent of Defendant concerning the incident complained of in the Complaint, including any notice to any insurance company regarding the incident.

6.

All agreements, contracts, correspondence, emails, or other documents related to any agreement between Defendant and any other person, business, or entity, regarding the inspection, cleaning, maintenance, or repair of the floor of the Premises during the time frame that includes July 31, 2022.

7.

Any and all documents that evidence, reference or relate to any and all incident reports, inspection reports, employee reports, employee statements, letters, memoranda, handwritten notes, emails or any other documents prepared by any employee, agent or personnel of Defendant, regarding Plaintiff's fall. This request does not seek information prepared by Defendant's counsel.

8.

All reports, memoranda, emails, correspondence, or other documents of any type related to trip and fall or slip and fall accidents on the floor of the Premises during the one (1) year period preceding July 31, 2022.

9.

All reports, memoranda, emails, correspondence, or other documents of any type related to trip and fall or slip and fall accidents on the floor of the Premises during the one (1) year period following July 31, 2022.

10.

Any and all medical reports, records or medical bills related to any treatment by Plaintiff either prior to or after the date of this incident.

11.

Copies of all documents relied upon to demonstrate and support your defenses as set forth in the Defendant's Answer, and your contention as to any defense you will raise in this action, which you have not produced in response to any other request for production of documents.

12.

A copy of any statements made or taken in regard to the incident complained of herein except for those protected by the attorney/client relationship and attorney work product.

13.

A full, complete, and unedited copy of any surveillance videotape, DVD, DVR, or other descriptive or demonstrative media showing Plaintiff, Plaintiff's accident, or any after accident investigation.

14.

Mall maintenance or repair reports for any repairs made to any freezer or cooler located in the area of Plaintiff's fall from May 31, 2022, to August 31, 2024.

This the 29th day of July 2024

*SIGNATURE CONTINUED ON FOLLOWING PAGE*

THOMAS LAW FIRM

/s/ David M. Thomas
David M. Thomas
Georgia Bar No. 704833
Attorney for Plaintiff

**Mailing Address:**
P.O. Box 767939
Roswell, GA 30076
Physical address:
5901 Peachtree Dunwoody Rd.
Building A, Suite 220
Sandy Springs, GA 30328
678-264-8348
800-358-7082 (fax)

ID# E-YGRZPUHS-RVN
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA
24-A-3644
JUL 29, 2024 02:54 PM
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBBY COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| YVONNE V. LEFEBURE,<br><br>Plaintiff,<br><br>v.<br><br>PUBLIX SUPER MARKETS, INC.<br>AND<br>CORPORATE DEFENDANT A<br><br>Defendants. | ) | CIVIL ACTION<br>FILE NO. ___________ |

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT PUBLIX SUPER MARKETS, INC.

COMES NOW Plaintiff, Yvonne V. LeFebure, and files her First Interrogatories to Defendant Publix Supermarkets Inc. ("Defendant"), and shows the Court as follows:

Defendant is hereby required to answer the following Interrogatories separately and fully in writing and under oath according to O.C.G.A. § 9-11-23, within forty-five (45) days from the date of service of the Summons and Complaint herein.

NOTE A: When used in these Interrogatories, the phrases "Defendant", "individual in question", "you", or any synonym thereof are intended to and shall embrace and include, in addition to Defendant, individually, Defendant's attorneys, agent, servants, employees, representatives, private investigators, insurance adjusters, and all others who are in possession of, in control of, or may have obtained information for or on behalf of Defendant.

NOTE B: Throughout these Interrogatories, wherever Defendant is requested to identify a communication of any type and such communication was oral, the following information should be furnished with regard to each such communication:

(a) By whom it was made, and to whom;

(b) The date upon which it was made;

(c) Who else was present when it was made;

(d) Whether it was recorded or described in any writing of any type and, if so, identification of each such writing in the manner indicated in Note C below.

NOTE C: These Interrogatories shall be deemed continuing to the extent required by law. You are required to (1) seasonably supplement any response directed to the identify and location of persons having knowledge of discoverable materials as well as the identity of each person expected to be called as an expert witness at trial, the subject matter on which the expert is expected to testify and the substance of the expert's testimony; (2) amend any prior if you subsequently learn that the original response was incorrect or if you learned that although correctly made, the original response is no longer true and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment; and (3) provide such other supplementary responses required by law.

1.

If you contend that service was improper or deficient, state all facts that support your contention.

2.

If you contend that venue or jurisdiction is improper, state all facts that support your contentions.

3.

State the full name, address, title and telephone number of each person who provided information and/or assisted in preparing responses to these interrogatories.

4.

State the factual basis of each and every affirmative defense that you have raised in this action and state the name, address and telephone number of any person who has knowledge relevant to any affirmative defense that you have raised in this action.

5.

Describe any insurance policy or bond that covers this claim on your behalf and include the name and address of any carrier or bonding company and the number of any applicable policies on bonds. Also include in your response, the name and address of the insurance company and whether the carrier has denied the claim or is defending under a reservation of rights.

6.

State the name, address, title and phone number of any person(s) with knowledge of Plaintiff's July 31, 2022, accident, and/or matters alleged in the Complaint filed in this action.

7.

State the name, address and telephone number of any witnesses to the incident complained of in the Complaint.

8.

State whether any entity, insurance company/adjuster or any other person performed an investigation of the premises and the incident complained of in the Complaint, stating the name, address and telephone number of such entities/persons and the date of the investigation.

9.

State whether any graphs, charts, photographs or other visual documentation was made of the premises at the location of Plaintiff's fall after the incident complained of in the Complaint. If

so, please describe the contents of each graph, chart and photographs and the name, title, phone number and address of the person/entity who prepared and/or has custody of such documentation.

10.

State the name, address and phone number of all expert witnesses you expect to call as witnesses in this action and describe their qualifications, any opinions they may testify to at trial and the basis of these opinions.

11.

State the policies and procedures for cleaning, maintaining, repairing and/or inspecting the floor of the premises located at 920 Hwy. 81 McDonough, Georgia, (hereinafter the "Premises"), during the timeframe which includes July 31, 2022.

12.

If any policy or procedure was identified in response to the preceding Interrogatory, please state whether the policy or procedure was complied with on July 31, 2022, and identify all documents or other evidence in your possession that you contend support your contention that such policy or procedure was complied with on July 31, 2022.

13.

State the name, address, title, and phone number for each person, entity or business responsible for cleaning, maintaining, inspecting and/or making repairs to the floor of the Premises during the time frame that includes July 31, 2022.

14.

State the name, address, and phone number for all persons, businesses, or entities that were responsible for the maintenance, inspection, or cleaning of the floor of the Premises on July 31, 2022.

15.

State the name address and phone number for all persons who were injured as a result of a slip/trip and fall accident on the Premises for the one (1) year period preceding July 31, 2022.

16.

State the name, address and phone number of all persons, entities or businesses who made any complaints regarding the condition of the floor of the Premises and/or foreign substances being found on the floor of the premises during the one (1) year period following July 31, 2022.

17.

State the date and time of the first instance Defendant had notice of Plaintiff's July 31, 2022, fall, and provide the name, address, phone number and title of the person or persons who received such notice.

18.

Identify any reports, memorandum, emails, correspondence or other documents of any kind prepared by Defendants, or on Defendant's behalf, related to Plaintiffs injuries, the condition of the floor of the Premises at the time of the incident, or maintenance and inspection of the floor of the premises. This Interrogatory does not seek information, or documents prepared by Defendant's counsel.

19.

As to each document, tangible item and electronically stored information identified in response to these Interrogatories, please describe each item with sufficient specificity to identify each item for a motion to compel discovery, state its current location, and identify its current custodian.

20.

Identify all videotapes, photographs, or other visual depictions of Plaintiff's accident, and the name, address, title and phone number of the custodian of such visual depiction.

21.

Identify all videotapes, photographs, or other visual depictions of the two (2) hour period preceding Plaintiff's fall and two (2) hour period following Plaintiff's fall and the name, address, title and phone number of the custodian of such visual depiction.

This the 29th day of July 2024

THOMAS LAW FIRM

/s/ David M. Thomas
David M. Thomas
Georgia Bar No. 704833
Attorney for Plaintiff

**Mailing Address:**
P.O. Box 767939
Roswell, GA 30076
Physical address:
5901 Peachtree Dunwoody Rd.
Building A, Suite 220
Sandy Springs, GA 30328
678-264-8348
800-358-7082 (fax)

ID# E-YGRZPUHS-FBL
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA
24-A-3644
JUL 29, 2024 02:54 PM
Robin C. Bishop
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

**IN THE STATE COURT OF COBB COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| **YVONNE V. LEFEBURE,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **CIVIL ACTION FILE NO. ___________** |
| **PUBLIX SUPER MARKETS, INC. AND CORPORATE DEFENDANT A** | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT PUBLIX SUPER MARKETS, INC.

COMES NOW Plaintiff, Yvonne V. Lefebure, and files her First Request for Admissions to Defendant Publix Super Markets, Inc. ("Defendant"), and shows the Court as follows:

Defendant is hereby required to answer the following Requests separately and fully in writing and under oath within forty-five (45) days from the date of service of the Summons and Complaint herein.

NOTE A: When used in these Requests, the phrases "Defendant", "individual in question", "you", or any synonym thereof are intended to and shall embrace and include, in addition to Defendant, individually, Defendant's attorneys, agent, servants, employees, representatives, private investigators, insurance adjusters, and all others who are in possession of, in control of, or may have obtained information for or on behalf of Defendant.

NOTE B: Throughout these Requests, wherever Defendant is requested to identify a communication of any type and such communication was oral, the following information should be furnished with regard to each such communication:

(a) By whom it was made, and to whom;

(b) The date upon which it was made;

(c) Who else was present when it was made;

(d) Whether it was recorded or described in any writing of any type and, if so, identification of each such writing in the manner indicated in Note C below.

1.

Defendant has been properly served with Plaintiff's Complaint and Summons.

2.

Venue is proper in Cobb County, Georgia.

3.

Defendant is subject to the jurisdiction of the State Court of Cobb County.

4.

Defendant owned and maintained the property and building located at 920 Hwy.81 McDonough, Georgia, (hereinafter the "Premises"), where the incident at issue occurred, during the time frame that includes July 31, 2022.

5.

Defendant was responsible for maintaining the Premises during the time frame that includes July 31, 2022.

6.

Plaintiff's slip and fall on the floor of the Premises on July 31, 2022, was a direct result of Defendant's failure to properly inspect and maintain the Premises.

7.

Plaintiff suffered injuries as a result of her slip and fall on the premises on July 31,2022.

8.

Plaintiff was exercising reasonable care for her own safety at the time she slipped and fell on July 31, 2022.

9.

Prior to Plaintiff's fall, one or more of Defendant's employees observed water on the floor in the area of Plaintiff's fall.

10.

Defendant is aware of videotape, photographs or other visual depictions that show Plaintiff's slip and fall.

This the 29th day of July 2024.

THOMAS LAW FIRM

/s/ David M. Thomas
David M. Thomas
Georgia Bar No. 704833
Attorney for Plaintiff

**Mailing Address:**
P.O. Box 767939
Roswell, GA 30076
Physical address:
5901 Peachtree Dunwoody Rd.
Building A, Suite 220
Sandy Springs, GA 30328
678-264-8348
800-358-7082 (fax)

ID# E-YGRZPUHS-RMP
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA
24-A-3644
JUL 29, 2024 02:54 PM
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

**IN THE STATE COURT OF COBB COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| **YVONNE V. LEFEBURE,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **V.** | ) | **CIVIL ACTION** |
| | ) | **FILE NO. ____________** |
| **PUBLIX SUPER MARKETS, INC.** | ) | |
| **AND** | ) | |
| **CORPORATE DEFENDANT A** | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |

**NOTICE OF LEAVE OF ABSENCE**

**COMES NOW, DAVID M. THOMAS,** and respectfully notifies all Judges before whom he has cases pending, all affected clerks of court, and all opposing counsel, that he will be on leave pursuant to Georgia Uniform Court Rule 16.

1.

The periods of leave during which time Applicant will be away from the practice of law are:

- September 19th. 2024, up to and including September 23rd, 2024
- October 14th, 2024, up to and including October 18th, 2024
- November 24th, 2024, up to and including December 3rd, 2024
- December 23rd, 2024, up to and including January 4th, 2025

2.

The purpose of these leaves is he will either be on vacation, out of town, on medical leave or attending business conferences. There are no proceedings scheduled during the requested period as of the filing date of the Request.

3.

All affected judges and opposing counsel shall have ten (10) days from the date of this Notice to file a written objection. If no objection is filed, the leave shall be effective.

*SIGNTURE ON NEXT PAGE*

This 29th day of July 2024

Respectfully submitted,
Thomas Law Firm

/s/ David M. Thomas
David M. Thomas
Georgia State Bar No. 704833

Mailing address:
P.O. Box 767939
Roswell, GA 30076
Physical location:
5901 Peachtree Dunwoody Rd, Ste. A220
Sandy Springs, GA 30328
678-264-8348
800-358-7082 (Fax)
david@dmthomaslaw.com

JUL 3 1 2024

CLERK OF STATE COURT
COBB COUNTY, GEORGIA
**24-A-3644**
**AUG 01, 2024 03:57 PM**
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

**Yvonne V. Lefebure,**

Plaintiff(s),

Case No.: 24-A-3644

vs.

**Publix Super Markets, Inc Corporate Defendant A,**

Defendant(s).

## AFFIDAVIT OF SERVICE

Personally appeared before me the undersigned officer duly authorized to administer oaths, Mitchell Davidson, who, after being duly sworn, deposes and states the following:

1.

Affiant states that he/she is appointed by this Court to serve process. The statements made are true and correct and are based upon my personal knowledge.

2.

I served Publix Super Markets, Inc. with a Summons, Notice of Consent to Electronic Service, Complaint for Damages, Plaintiff's First Request for Production of Documents and Notice to Produce to Defendant Publix Super Markets, Inc., Plaintiff's First Interrogatories to Defendant Publix Super Markets, Inc., Plaintiff's First Request for Admissions to Defendant Publix Super Markets, Inc., and Notice of Leave of Absence by leaving the documents with Anna Moore, agent at Corporate Creations Network, Inc., Registered Agent of Publix Super Markets, Inc. at said person's place of employment/place of business located at 2985 Gordy Parkway, 1st Floor, Marietta, GA 30066 on July 31, 2024 at 11:38 AM.

Signed and sworn to before me on
this 1 day of August, 2024
by an affiant who is personally known to me
or produced identification.

Notary Public

Mitchell Davidson
Express Legal Services LLC
860 Johnson Ferry Rd.
Atlanta, GA 30342
(678) 648-6330

Notary Public, Bartow County, Georgia
My Commission Expires 7-6-2028

BREANNA BELLAMY
NOTARY
PUBLIC
BARTOW COUNTY, GEORGIA

*5152741*